UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 11-20930-CIV-MORENO

24 GO WIRELESS, INC.,

      Plaintiff,

vs.

AT&T MOBILITY II, LLC.,

      Defendant.

_____/



## ORDER GRANTING MOTION TO DISMISS AND COMPEL ARBITRATION

    Plaintiff, 24 Go Wireless, Inc. ("24 Go") sued Defendant, AT&T Mobility II, LLC ("AT&T"),

after AT&T terminated a dealer agreement between the parties without cause in accordance with one

of the provisions in the agreement. AT&T has moved to dismiss the complaint and compel arbitration

pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"). Because the Court finds that

all of 24 Go's claims are subject to the arbitration provision in the parties' written dealer agreement,

the Court GRANTS AT&T's motion.

### I. Background

    On February 1, 2007, AT&T (then Cingular Wireless II, LLC) and 24 Go entered into a Dealer

Agreement (the "Agreement") for 24 Go to market and distribute AT&T wireless equipment and data

services in South Florida. *See* Agreement, attached hereto as Exhibit "A." The Agreement contained

an Arbitration Clause providing that "all claims (including counterclaims and cross-claims and also

including claims based on tort or other legal theories) and disputes between [24 Go] and [AT&T] must

be resolved by submission to binding arbitration." *Id.* § 11.3.1. The Agreement also provided that either

party may terminate the Agreement without cause upon ninety days prior written notice to the other

party. *Id.* § 10.4. On November 29, 2010 AT&T sent 24 Go a written notice in accordance with the Agreement stating AT&T's election to terminate the Agreement after ninety days. Accordingly, on February 28, 2011, ninety days after the notice, AT&T terminated the Agreement. On March 18, 2011, 24 Go filed the instant complaint, disputing the validity and enforceability of the Agreement and alleging that AT&T's termination of the Agreement without cause was illegal. On May 3, 2011, AT&T filed the Motion to Dismiss which is now before the Court.

## II. Discussion

The validity of an arbitration agreement to prevent litigation in federal court is generally governed by the FAA. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626–27 (1985); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). While 24 Go argues that the FAA is inapplicable to these proceedings, the Court disagrees. Courts have long recognized and enforced a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under the FAA, a written arbitration provision in a "contract evidencing a transaction involving commerce" is presumptively valid and enforceable. 9 U.S.C. § 2. The Supreme Court has broadly construed the phrase "involving commerce" to mean "affecting" interstate commerce. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273–74 (1995).

Here, the parties' Agreement clearly evidences a business transaction affecting interstate commerce, as it involves the transfer of money and goods between citizens of different states. *See Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 874–75 (11th Cir. 2005) (contract involved interstate commerce, and FAA therefore applied, where contract evidenced business transaction between Georgia company and South Carolina company ). Furthermore, because the FAA preempts conflicting state arbitration laws, *see Preston v. Ferrer*, 552 U.S. 346, 353 (2008), the Court

-2-

rejects 24 Go's arguments relying on state arbitration laws. Therefore, the arbitration provision in the parties' written Agreement here is governed by the FAA and is entitled to the presumption of validity and enforcement mandated by that statute.

Nevertheless, 24 Go raises several arguments that this case should not be submitted to arbitration; the Court will address each in turn. First, 24 Go argues that the entire Agreement is an illegal and unenforceable contract of adhesion. Challenges to the validity of the contract as a whole, however, are for the arbitrator, not the district court, to decide. *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010); *Preston*, 552 U.S. at 353. Even assuming, *arguendo*, that 24 Go had specifically challenged the arbitration provision in the Agreement, the parties clearly and unmistakably agreed to submit that issue to arbitration as well by expressly incorporating the rules of the American Arbitration Association ("AAA") into the arbitration provision of their Agreement. *See* Agreement § 11.3.1 (parties agree to arbitrate "all claims . . . to be decided under the then current AAA commercial arbitration rules."); *see, e.g., Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) ("By incorporating the AAA Rules . . . into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid."). Because 24 Go does not specifically challenge the arbitration provision's incorporation of the AAA Rules, its attacks on validity and enforceability must be submitted to arbitration.

Second, 24 Go opposes arbitration on "equitable" grounds. Citing no authority, 24 Go argues that AT&T will gain an "unconscionable advantage" if this case is submitted to arbitration, and that the costs of arbitration "would impose an extreme financial hardship" upon 24 Go. At bottom, these constitute arguments that enforcing the arbitration provision here would be unconscionable–a claim that, as explained above, the parties "clearly and unmistakably" agreed to submit to arbitration.

Third, 24 Go raises two separate arguments that AT&T has waived its right to compel arbitration. These arguments, however, are also for the arbitrator to resolve, as the Supreme Court has held that, absent some agreement to the contrary, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotations omitted). Indeed, "the presumption is that the arbitrator should decide 'allegations of waiver, delay, or a like defense to arbitrability,'" including whether a condition precedent to arbitrability has been fulfilled. *Id..* at 84–85 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25).

Finally, 24 Go asserts that certain of its claims are not subject to arbitration. Specifically, 24 Go argues that the offer it received from AT&T to market the Apple iPhone was a contract separate from the parties' Agreement and that 24 Go's claims concerning the iPhone offer are therefore not subject to the Agreement's arbitration provision. This argument ignores the fact that the arbitration provision expressly states that "*all claims and disputes* between [24 Go] and [AT&T] must be resolved by submission to binding arbitration." Agreement § 11.3.1 (emphasis added). Accordingly, the broad language of the arbitration provision encompasses 24 Go's claims concerning the iPhone offer. *See, e.g., Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221–22 (11th Cir. 2000) (rejecting argument that arbitration provision was too broad and holding that agreement to arbitrate "all claims between the parties" applied not just to claims arising out of the parties' contract).

In addition, 24 Go argues that the parties' Agreement authorizes the Court to resolve its claim for injunctive relief, and therefore that there is no basis to compel arbitration of that claim. This argument, however, relies on a severe misreading of Section 11.3.4 of the parties' Agreement, which states in pertinent part:

-4-

> Despite anything to the contrary in this arbitration provision, either
> party may bring court proceedings to seek an injunction or other
> equitable relief *to enforce any right or obligation under this Agreement.*

Agreement § 11.3.4 (emphasis added). Here, 24 Go's claim for injunctive relief seeks to retroactively

reinstate the terminated Agreement between the parties, not to enforce any right or obligation under the

Agreement. Accordingly, this claim is clearly not authorized by Section 11.3.4 of the Agreement and

thus must be submitted to arbitration.

### III. Conclusion

The Court has reviewed AT&T's Motion to Dismiss, the response and reply thereto, the

pertinent portions of the record, and the relevant case law, and is otherwise fully advised in the

premises. For the reasons stated above, the Court finds that all of 24 Go's claims are subject to the

arbitration provision in the parties' written Agreement. Accordingly, it is

**ADJUDGED** that Defendant AT&T's Motion to Dismiss and Compel Arbitration **(D.E. 15)**,

filed on **May 3, 2011**, is GRANTED. Plaintiff 24 Go's Complaint is hereby DISMISSED without

prejudice, and this case shall be CLOSED and submitted to arbitration.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of June, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-5-